**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4026**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

THURMAN LEE JONES, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:09-cr-00055-FL-2)

Submitted: August 27, 2015      Decided: September 29, 2015

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thurman Lee Jones, Jr. pleaded guilty to use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Jones to 60 months of imprisonment, followed by five years of supervised release. Following Jones' release from incarceration, he incurred four state criminal convictions. The district court revoked his supervised release and sentenced Jones to 24 months of imprisonment, followed by one year of supervised release, and Jones now appeals. For the reasons that follow, we affirm.

On appeal, Jones challenges the district court's finding that one of his violations was a Grade A violation under the Sentencing Guidelines because it was a crime of violence punishable by a term exceeding one year of imprisonment. Jones also argues that the court failed to adequately explain the sentence.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable, generally following the procedural and substantive considerations employed in reviewing original sentences. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory factors, "the court ultimately has broad discretion to revoke

2

its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted). While the court must provide a statement of reasons for the sentence imposed, this statement "need not be as detailed or specific" as that required for an original sentence. See United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

Under the Guidelines, conduct constituting a federal or state offense punishable by a term exceeding one year of imprisonment that is a crime of violence is a Grade A violation. U.S. Sentencing Guidelines Manual § 7B1.1(a) (2014). The determination of the grade of the violation "is to be based on the defendant's actual conduct," rather than the conviction incurred for the conduct. USSG § 7B1.1(a) cmt. n.1. A crime of violence is defined as any offense punishable by imprisonment for a term exceeding one year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a).

In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United

3

States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631. We have thoroughly reviewed the record and conclude that the district court did not err in classifying Jones' violation as a Grade A violation under the Guidelines. We further conclude that Jones has not demonstrated that the district court's explanation for the sentence constituted reversible error. See United States v. Thompson, 595 F.3d 544, 547-48 (4th Cir. 2010).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED